**SPEARS et al. v. WOOD et al.**

No. 9583.

Court of Civil Appeals of Texas. Galveston.

July 23, 1931.

John W. Pope, J. L. Zumwalt, and Cedric G. Hamlin, all of Dallas, for appellants.

J. B. Leigh, of Navasota, and T. P. Buffington, of Anderson, for appellees.

GRAVES, J.

Appellants, claiming themselves to be the owners of an oil lease appellees had executed on February 25, 1918, on 300 acres of land in Grimes county under an assignment thereof from the Crown Petroleum Corporation, of date October 6, 1921, sued the appellees to recover these separate sums alleged to be due them in consequence of the appellees' wrongful refusal to recognize them as such owners, and of their repudiation of all obligation to them under such lease, to wit: (1) $356.50 paid by them in cancellation of the Crown Petroleum Corporation's $220 note to the appellees, which matured August 25, 1921, as well as of all rentals due under the lease up to November 25, 1921; (2) a total of $300, paid in quarterly payments of $75, covering rentals that accrued under the lease subsequent to November 25, 1921; (3) $15,000 as damages suffered by them from being deprived of the uses and benefits of the contract.

The learned trial court dismissed the suit on appellants' refusal to further amend, after sustaining a general demurrer and these special exceptions of the appellees to the petition:

"(a) That said Petition shows on its face that at the time the Plaintiffs purchased the lease described in Plaintiff's said Petition, if they ever purchased same, which is not admitted but specially denied, that they knew that said lease had been forfeited for nonpayment of rentals, and said Petition showing such knowledge on the part of said Plaintiffs, is insufficient to show any cause of action against these defendants, and of this defendants pray judgment of the Court.

"(b) That said Petition shows on its face that if the Plaintiffs have any cause of action against anyone, such cause of action is against the Crown Petroleum Company and C. G. Morgan and not against these Defendants,

and of this Defendants pray Judgment of the Court.

"(c) That said Petition shows on its face that at the time of the alleged purchase of the lease described in said Petition from the Crown Petroleum Corporation, they knew that said Crown Petroleum Corporation had not paid the rentals due under the terms of said lease, and had given a note for part of the rentals, and that they knew that said Note was past due and unpaid, and that such knowledge was sufficient to put said Plaintiffs on inquiry as to all of the terms and conditions of said Note, notwithstanding which they purchased said lease on certain representations alleged to have been made by the Defendants, by reason whereof, said petition is wholly insufficient to show any cause of action against these Defendants, and of this these Defendants pray judgment of the Court.

"(d) That the allegations set out in said petition as to what the Defendants, C. G. Morgan told Plaintiffs as to the condition of the lease in controversy and as to the alleged transactions had between the said C. G. Morgan and Plaintiffs, are in nowise binding on these Defendants, and such allegations, in so far as they are sought to be made the basis of a cause of action against these Defendants, should be stricken, and of this these Defendants pray judgment of the Court."

Appellants challenge this action as error, and on consideration of their petition, we conclude the position is well taken, in this:

■■■ The special exceptions in sum amount to no more than a general demurrer, so the pleading is not only entitled to the benefit of every reasonable intendment, but all its well-pleaded averments are also to be taken as true; giving it that effect, its affirmative allegations, (1) "that the said defendants, Wood and wife, upon said deposit being made in said bank on or about the 10th day of October, 1921, immediately received said sum of money and applied it upon said note, and thereby elected to continue said lease contract in force and effect to November 25, 1921," (2) "that the plaintiffs on or before November 25, 1921, deposited in said bank to the credit of the defendants, Wood and wife, the sum of $75.00 as payment of rentals for the three months period beginning November 25, 1921," state a good cause of action—at least for the recovery of the sums of money so charged to have been paid—even though the objections embodied in the special exceptions be good; that would seem to be true, too, notwithstanding it is further alleged that appellees thereafter on January 1, 1922, in a suit they instituted against the Crown Petroleum Corporation and the bank where the money had been deposited, procured a court judgment for the delivery to them of so much of the fund as covered the corporation's $220

note, because that came months after they were charged with already having so received the money, did not cover all the amount, and furthermore was alleged to have been brought about by a fraud upon the court that rendered such decree.

Upon these considerations the judgment should be reversed, and the cause remanded; it will be so ordered.

Reversed and remanded.